19-166-cv
In re: James M. Kernan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty.

PRESENT:   PIERRE N. LEVAL,
                     RAYMOND J. LOHIER, JR.,
                     RICHARD J. SULLIVAN,
                              *Circuit Judges*.

------------------------------------------------------------------

IN RE: JAMES M. KERNAN

------------------------------------------------------------------

JAMES M. KERNAN, ESQ.,

             *Appellant*,

             v.                                                    No. 19-166

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK,

*Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:                          FRANK POLICELLI, Law Office
                                        of Frank Policelli, Utica, NY.

FOR APPELLEE:                           No Appearance.

Appeal from an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

James M. Kernan, Esq., a member of the bar of the State of New York and a former member of the bar of the United States District Court for the Northern District of New York (NDNY), appeals from an order of the District Court (Scullin, *J.*) striking him from the membership roll of the NDNY bar. In 2009, Kernan was convicted of a felony and was consequently suspended from practice in New York. Having subsequently been reinstated to the bar of the State of New York, Kernan applied for readmission to the NDNY bar. The District Court first granted his application, but subsequently decided that its order had been erroneous and entered the order appealed from, revoking his membership. The District Court ordered the revocation without a hearing as to Kernan's character and fitness because it construed the Local Rules of Practice of the NDNY to make convicted felons ineligible for membership.

Kernan brought this appeal, arguing, inter alia, that the revocation of his membership without affording him a right to be heard was a denial of due process and a violation of the Local Rules. On November 8, 2019, we remanded this matter pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), to permit the District Court to reconsider whether the NDNY Local Rules made Kernan, as a convicted felon, categorically ineligible for membership, and thus required the denial of his application. *See In re Kernan*, 783 F. App'x 106 (2d Cir.

2

2019). The District Court adhered to its ruling that the Local Rules required the denial of Kernan's application without need for an individualized assessment. *See In re Kernan*, No. 19-mc-1 (FJS), 2019 WL 6610672, at *1 (N.D.N.Y. Dec. 4, 2019). Kernan then reinstated his original appeal.

On February 4, 2020, the NDNY, by General Order 57, amended its local rules governing membership and attorney discipline. The new rules, which are provisionally in effect pending a period for notice and comment, unambiguously provide that an attorney whose membership has been suspended or stricken may be readmitted upon demonstration by clear and convincing evidence of his "moral qualifications, competency, and learning in the law." *See* Gen. Order 57, N.D.N.Y. L.R. 83.4(m); Dkt. No. 117. Kernan is now eligible for reinstatement, subject to his making the required showing to the satisfaction of the Northern District.

If, during the pendency of an appeal, a case ceases to present a live controversy, the appeal must be dismissed as moot. *See Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet*, 260 F.3d 114, 118–19 (2d Cir. 2001). Under General Order 57, Kernan's felony conviction does not categorically bar his readmission to membership. He may apply for reinstatement and, under the new Rule 83.4(m), he will receive an individualized assessment as to his character and fitness. Success on his appeal would have given him no more than that. For that reason, Kernan's appeal is dismissed as moot.

We have considered Kernan's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the appeal is DISMISSED.

                             FOR THE COURT:
                             Catherine O'Hagan Wolfe, Clerk of Court